JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Defendant-appellant James Lewis appeals the judgment of the Hamilton County Juvenile Court adjudicating him delinquent for possessing criminal tools.
A Springfield Township police officer was investigating a dispatcher's report of a "suspicious car" parked near an elementary school. The car's occupants ran when they saw the officer's cruiser. The officer recognized Lewis from previous encounters and knew that Lewis was under the legal driving age. The officer radioed a description of the car's occupants. A check of the car's registration revealed that it had been reported stolen. It was subsequently determined that the car's ignition was not functioning properly and that an object such as a screwdriver could have been used to start it.
A Springfield Township police detective heard the radio broadcast of the suspects' descriptions. The detective saw Lewis riding a bicycle. As the detective and another police officer approached, Lewis threw a flat-tipped screwdriver with a bent tip on the ground.
Lewis's two assignments of error, which allege that the trial court erred in overruling his Crim.R. 29 motion for an acquittal, that his delinquency adjudication was based upon insufficient evidence, and that it was against the manifest weight of the evidence, are overruled. We hold that reasonable minds could have reached different conclusions as to whether the state had proved each material element of the offense beyond a reasonable doubt. See State v. Bridgeman (1978), 55 Ohio St.2d 261,381 N.E.2d 184, syllabus. Additionally, we hold that a rational trier of fact viewing the evidence in a light most favorable to the prosecution could have found that the essential elements of the crime had been proved beyond a reasonable doubt. See State v.Waddy (1992), 63 Ohio St.3d 424, 588 N.E.2d 819. We hold further that the trial court did not lose its way and create a manifest miscarriage of justice. See State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541; State v. Martin (1983),20 Ohio App.3d 172, 485 N.E.2d 717.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt and Sundermann, JJ.